UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADRIAN PRALJAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-193 (UNA) |
| | ) |
| DONALD TRUMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* civil complaint (ECF No. 1). The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.) ("If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to

1

resolve.'").

Plaintiff, a citizen of Australia, *see* Compl. at 1, 4, brings this action against the President of the United States, the Federal Election Commission and the Archivist of the United States, *see id*. at 2.  He "asserts standing based on the global impact of the alleged violations of constitutional norms and democratic principles by the defendants." *Id*. at 4.  For example, plaintiff claims to have been "directly impacted by the erosion of trust in democratic institutions worldwide due to the systemic abuses and alleged insurrection involving Donald J. Trump and his network." *Id*.  In addition, given plaintiff's work "as a global lawyer and attorney . . . advocating for the rule of law, democratic governance, and human rights in multiple jurisdictions," *id*., he claims to suffer professional harm, as "[t]he erosion of democratic norms in the U.S., as demonstrated by the January 6, 2021 insurrection and unrelated conduct, undermines [his] work in multiple jurisdictions, including Australia, which looks to the U.S. as a leader in constitutional governance and the rule of law," *id*. at 5; *see id*. at 8.  Plaintiff demands a "declaration that Donald J. Trump is disqualified from holding the office of the President of the United States," *id*., an injunction "[p]rohibiting the Federal Election Commission from certifying Donald J. Trump's eligibility as a candidate for the presidency," and an injunction "[p]reventing the Archivist . . . from certifying any electoral votes for Donald J. Trump," *id*.

Plaintiff's assertions are far too vague and remote to demonstrate standing to sue.  "[I]t is not sufficient that he has merely a general interest common to all members of the public." *Ex parte Levitt*, 302 U.S. 633, 636 (1937) (per curiam); *see Rodearmel v. Clinton*, 666 F. Supp. 2d 123, 129 (D.D.C. 2009) (concluding that plaintiff's "general interest as a citizen in the constitutionality of [a former Secretary of State's] appointment does not give him standing").

Because plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction and therefore dismisses the complaint.

An Order is issued separately.

DATE: March 11, 2025                              /s/
                                                  CHRISTOPHER R. COOPER
                                                  United States District Judge